UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYESA WILLIAMS, | ) |
| Plaintiff, | ) Case: 1:23-cv-14912 |
| v. | ) |
| NORDSTROM, INC., | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, Tyesa Williams ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Nordstrom, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting and utilizing her FMLA rights.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

4. At all times material to the allegations of this Complaint, Plaintiff, Tyesa Williams,

resides in Cook County in the State of Illinois.

5. At all times material to the allegations in this Complaint, Defendant, Nordstrom, Inc. is a corporation doing business in and for DuPage at 100 Yorktown Shopping Center, Lombard, IL, 60148.

6. During the applicable limitations period, Defendant has had at least fifty employees within a 75 mile radius, and has been an "employer" as defined by 29 U.S.C. §2611(4).

7. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

## BACKGROUND FACTS

8. Plaintiff began working for Defendant as a Sales Floor Manager on or about September 23, 2014 until she was unlawfully terminated on or about August 18, 2023 in retaliation for requesting and utilizing FMLA leave.

9. As a Sales Floor Manager, Plaintiff was responsible for managing the sales floor, keeping it stocked, keeping it clean, and managing a team of approximately 45 employees and 4 assistant managers.

10. Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

11. In or around May 2023, Plaintiff began attending physical therapy to deal with neck and shoulder pain caused by a car accident she had recently been in.

12. In order to attend these medically necessary appointments and cause minimal interference to her job, Plaintiff applied for intermittent FMLA leave.

13. This intermittent FMLA leave was approved in or around May 2023.

14. Despite the assurance from Defendant's store manager, Mike (LNU), that Plaintiff's use of FMLA would not be an issue, Plaintiff began to experience retaliation.

15. Examples of this retaliation included unwarranted scrutiny and ridiculing Plaintiff for leaving work early.

16. Plaintiff, although incredibly bothered by this retaliatory treatment, had to continue exercising her rights and using her approved FMLA leave to treat her injuries.

17. In or around August 2023, Plaintiff had to take a two-week FMLA because her car accident injuries caused a flare up of her high blood pressure.

18. On or about August 17, 2023, Plaintiff returned to work following this two-week leave.

19. Instead of the smooth reintegration that Plaintiff hoped for, she was unexpectedly terminated the day after her return, on or about August 18, 2023.

20. The official termination documentation cited misconduct in the form of yelling and pointing-fingers as the reason for Plaintiff's termination.

21. However, these accusations are false, and in reality, Plaintiff was terminated in retaliation for attempting to exercise her rights under the FMLA.

22. These false accusations and defamation of Plaintiff's character added insult to injury, as Plaintiff was already under extreme mental anguish after being unexpectedly terminated from a job she had dedicated almost 10 years of service to.

23. Plaintiff engaged in protected activity by requesting and utilizing intermittent FMLA leave.

24. Plaintiff was terminated in retaliation for requesting and utilizing FMLA leave.

25. Plaintiff continues to suffer financial hardship and mental anguish due to Defendant's retaliation, wrongful interference with approved FMLA leave, and wrongful termination of her employment.

## COUNT I
### Violation of the Family and Medical Leave Act
### (FMLA Interference)

26. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

27. Beginning in or about May of 2023, Plaintiff was eligible for FMLA leave.

28. At all times material, Plaintiff gave proper notice to her employer by informing them of her need for FMLA leave.

29. Defendant controlled Plaintiff's work schedule and conditions of employment.

30. Plaintiff provided enough information for her employer to know that Plaintiff's potential leave may be covered by the FMLA.

31. Defendant interfered with Plaintiff's rights under the FMLA when Plaintiff retaliated against for utilizing FMLA leave.

32. Defendant acted in willful and reckless disregard of Plaintiff's protected rights by intentionally interfering with Plaintiff utilizing FMLA leave.

33. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Family and Medical Leave Act
### (FMLA Retaliation)

34. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

35. Defendant terminated Plaintiff after Plaintiff received approval for and began using intermittent FMLA leave.

36. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for attempting to utilize FMLA leave.

37. Plaintiff's request for, and use of, FMLA leave was a direct and proximate cause of Plaintiff's termination.

38. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of October, 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*